Ernest Koerner v. Commissioner.
Koerner v. Commissioner
Docket No. 25226.
United States Tax Court
1951 Tax Ct. Memo LEXIS 106; 10 T.C.M. (CCH) 867; T.C.M. (RIA) 51275; September 11, 1951
Alexander B. Hawes, Esq., for the petitioner. Michael Waris, Jr., Esq., and Frank Cohen, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion In his deficiency notice the respondent determined a deficiency of $2,337.10 in petitioner's income tax for 1945. The return as filed showed a loss of $26,669.99, and as adjusted by respondent a net income of $9,330.01. By an amended answer filed herein the respondent claims an additional deficiency for 1945 of $3,731.02, *107 making a total deficiency of $6,068.12. There were two issues raised in the original petition, both involving the deduction of certain war losses. These issues have been abandoned but in an amended petition the petitioner claims a deduction for attorney fees and other expenses in connection with the collection of an indebtedness which he acquired by assignment from a debtor corporation. The respondent opposes this contention and makes the alternative contention that the interest which petitioner received on the judgment against the debtor is includable in income. Findings of Fact The petitioner resides in New York. He filed his individual income tax return for 1945 with the collector of internal revenue for the first district of New York. The petitioner is and for many years has been engaged in the lumber business. Prior to World War II he was the owner of, or had a substantial interest in, several lumber concerns located in Poland, Germany, Austria, Czechoslovakia, and other foreign countries. He was the sole owner and president of Commercium-Gesellschaft S.A., hereinafter referred to as Commercium, a Luxembourg corporation. From time to time the petitioner made loans to *108 Commercium and Commercium in turn made loans to other of its associated concerns. In 1939, Commercium owed petitioner over $1,000,000. One of the associated concerns to whom Commercium had made loans, Vereinigte Holzindustrie Ost G.m.b.H., hereinafter referred to as Holzost, was indebted to it in the amount of approximately $140,000. Commercium owned a 70 per cent interest in Holzost and petitioner served as its manager. On August 26, 1939, just prior to the invasion of Poland by Germany, Holzost assigned to Commercium certain accounts receivable from its debtors in the Netherlands, amounting to over 94 Dutch guilders. The debtors were instructed to pay their accounts to an Amsterdam agent, Handel-Maatschappij H. Albert de Bary & Co. N.V., hereinafter referred to as de Bary, and de Bary was notified of the assignment of the accounts to Commercium and to petitioner. However, de Bary refused to recognize the assignment to petitioner and so notified Commercium on September 22, 1939. On September 30, 1939, Holzost's accounts with de Bary showed a credit balance of $21,239.20. Under date of March 25, 1941, Commercium wrote the petitioner the following letter: "We have agreed that *109 we hold at your disposal our claim against Vereinigte Holzindustrie Ost G.m.b.H. Katowice, which is shown on our balance sheet as of December 31, 1940 with Zloty 771,573.14 equalling $145,939.28 and that by the same amount you claim against us, which is shown on the same balance sheet with $1,141,185.77 has to be reduced. In accordance with your instructions we shall assign the claim against Handel-Maatschappij H. Albert de Bary & Co., amounting according to their own statement of October 30, 1939, to $21,239.20 which had been assigned to us by Vereinigte Holzindustrie Ost G.m.b.H., Katowice, on August 26, 1939, as security for their debts, direct to Mr. Frederick W. Greenfield, 500 Fifth Avenue, New York, N. Y., for your account in order to enable him to file a law suit for this claim against H. Albert de Bary, in accordance with your instructions. In this assignment it will be mentioned expresses verbis that it is made for your account. However, we wish to make it clear that this action is being started only in your behalf so that the risk of the costs is exclusively your responsibility as the proceeds, if any, would belong to you." Petitioner immigrated to the United States in *110 the latter part of February 1941 and applied for citizenship soon thereafter. On the advice of counsel he had Commercium assign its claim against de Bary to Frederick W. Greenfield, a United States citizen, for collection. The formal assignment was made April 2, 1941. On April 7, 1941, Greenfield wrote to Commercium and petitioner jointly, as follows: "This is to acknowledge that I have today received the assignment of Commercium Gesellschaft S. A. of the rights, claims and causes of action against Handel Maatschappij H. Albert de Bary & Co. N.V., as appears from the copy of said assignment which is annexed hereto. "It is understood between Commercium Gesellschaft S. A. and me that such assignment is made for the purpose of enabling me to institute any and all actions, suits and other legal proceedings with respect to said rights and claims assigned to me as aforesaid. "Commercium Gesellschaft S. A. and Mr. Ernest Koerner, jointly and severally, will advance to me all expenses connected with said actions, suits or legal proceedings, will reimburse me for all expenditures and will indemnify me against all liabilities and losses incurred by me in connection therewith. The proceeds *111 of said rights or claims or of any action, suit or legal proceeding instituted with respect thereto will be turned over by me to Mr. Ernest Koerner after deduction of any expenditures or charges with respect thereto which shall not have been paid to me theretofore. "I shall hold said rights and claims in trust for Mr. Ernest Koerner and his heirs, successors and assigns upon the terms and conditions heretofore stated; in case of my death, all of said rights and claims shall pass to Mr. Koerner, his heirs, successors or assigns. "If this is an accurate statement of our understanding, kindly sign the copy of this letter at the foot thereof." This letter was signed and agreed to by both Commercium and petitioner. Greenfield brought suit against de Bary in the Supreme Court of Kings County, New York, and on January 7, 1942, obtained judgment against the defendant for $21,239.20 "with interest thereon from October 1, 1939, in the sum of $2,867.27 together with the sum of $349.95 costs and disbursements, as duly taxed and adjusted by the Clerk of this Court, amounting in all to the sum of $24,456.42. The amount finally collected on the suit by Greenfield and paid over to petitioner, *112 or his nominees, in 1945 was $29,416.81, including interest of $7,827.66. Petitioner paid legal fees of $6,973.61 to the attorney who handled the suit. In his income tax return for 1945 the petitioner did not report any of the amount received from de Bary and did not claim any deduction for the expenses in connection with the suit. Opinion LEMIRE, Judge: The petitioner first claimed the deduction of the legal fees which he paid in connection with the suit against de Bary in his amended petition filed in this proceeding. The respondent contends that these fees were not deductible either as a business expense under section 23 (a) (1) or as a nonbusiness expense under section 23 (a) (2), Internal Revenue Code. Respondent contends in the alternative that, in any event, petitioner is taxable on the interest which he received on the judgment against de Bary in the amount of $7,827.66. He contends that only the net amount which petitioner received on the judgment after deduction of the attorney fees and other costs constituted payment on his, petitioner's, accounts with Commercium. No issue has been raised in this proceeding as to the actual extent of the reduction *113 of Commercium's indebtedness to petitioner and we are not directly concerned with that question. Respondent does not contend that the amount received by petitioner was taxable income to him except as to the interest. It is to be observed, however, that according to the agreement between petitioner and Commercium, as set out in the letter of March 25, 1941, Commercium's indebtedness to petitioner was reduced by the amount of $145,939.28, that being the total amount of Commercium's claim against Holzost. We think petitioner is correct in his contention that the expenses of collecting the claim against de Bary are deductible as a business expense under section 23 (a) (1) (A), Internal Revenue Code. Petitioner acquired the claim in the ordinary course of business and in part satisfaction of Commercium's larger indebtedness to him. We do not know how that indebtedness arose other than that it was for monies which petitioner had lent or advanced to Commercium. In any event, the transactions were all directly connected with petitioner's widespread lumber business. The expenses of collecting the claim were, we think, deductible business expenses. The respondent makes *114 the alternative contention in an amendment to his answer that petitioner is taxable on the interest which he received on the judgment against de Bary, amounting to $7,827.66. The contention, we think, must be sustained. This interest was interest accrued on the funds which de Bary had collected from Holzost's debtors and which Commercium had assigned to petitioner. The interest did not belong to either Commercium or Holzost and could not properly have been credited to either of their accounts. It was interest belonging to and paid directly to the petitioner. Respondent's contention that as such it was taxable income to petitioner is accordingly sustained. Decision will be entered under Rule 50.